IN RE TAXES, C. BREWER & COMPANY, LIMITED.

No. 884.

APPEAL FROM TAX APPEAL COURT, FIRST CIRCUIT.

ARGUED DECEMBER 13, 1915.                    DECIDED DECEMBER 20, 1915.

ROBERTSON, C.J., WATSON, J., AND CIRCUIT JUDGE
WHITNEY, IN PLACE OF QUARLES, J., ABSENT.

TAXATION—*excise tax on privilege.*

> The tax imposed by Sec. 3361, R. L. 1915, on insurance companies and corporations, which is computed on the gross earnings of such companies from all risks located in, and from all business done within, the Territory, is an excise tax for the privilege of doing business within the Territory.

SAME—*income tax—double taxation.*

> That an income is derived from commissions paid out of gross premiums received by fire insurance companies and that such companies pay a privilege tax based on the amount of such gross premiums does not render a tax on such income double.

### OPINION OF THE COURT BY WATSON, J.

This is an appeal by C. Brewer & Company, Limited, a Hawaiian corporation, from a decision of the tax appeal court of the first judicial circuit assessing an income tax against it on the sum of $19,133.02 received by said company as commissions for acting as agent for certain foreign fire insurance companies doing business in this Territory. There is no dispute as to the facts which were agreed upon in the tax appeal court as follows:

"The amount of taxable income returned by C. Brewer & Co. for the year ending December 31, 1914, was $110,470.33. The tax assessor assessed the amount of taxable income of the said C. Brewer & Co. Ltd. for that year at $129,603.33. The difference of $19,133.02 represents the amount paid to said C. Brewer & Co. Ltd. by the fire insurance companies (none being domestic companies) for which it was the agent, as commissions on the business done by said insurance companies for that year. On this amount the two per cent. income tax is $382.66. The said companies have paid the taxes imposed on them by law for the year ending December 31, 1914, and such taxes were computed on the gross premiums received by them and included the aforesaid sum of $19,133.02 paid to said C. Brewer & Co., Ltd., as aforesaid."

The main point relied on by appellant is that the assessment of an income tax on said sum of $19,133.02 to C. Brewer & Company, Limited, "constitutes double taxation, as the said sum has already been subjected to a tax for the same taxation period, which said tax has been duly paid." In support of this contention it is urged that the insurance

companies were required to pay, and paid, a tax of two per cent. on the gross premiums received by them respectively from all risks located in, and from all business done within, the Territory for the year ending December 31, 1914, less return premiums and reinsurance (Sec. 3361, R. L. 1915); that the commissions paid to appellant for representing such companies as agent are part of such gross premiums, and that to assess an income tax against C. Brewer & Company, Limited, upon that portion of its income received by it as such commissions would be requiring the same property to bear a double burden and to make a double contribution to what is practically the same tax.

In view of our conclusion that under the facts in this case there is no double taxation, we do not find it necessary to discuss the other points argued by counsel, which are predicated upon the theory that by reason of such supposed double taxation the appellant and the insurance companies are illegally discriminated against. (To the effect that duplicate taxation is not necessarily invalid, see *Robertson* v. *Pratt,* 13 Haw. 612; Cooley on Taxation, p. 158 et seq.)

The tax imposed by section 3361, R. L. 1915, upon insurance companies or corporations is not a property tax nor an income tax, nor is it in any sense analogous to either, as argued by counsel for appellant. That section reads as follows:

"All insurance companies or corporations doing business in this Territory must file with the commissioner annually, on or before the first day of June, in each year hereafter, a statement, under oath, setting forth the amount of gross premiums received by said companies or corporations, during the year ending December 31, next preceding, from all risks located in, and all business done, within this Territory. All such insurance companies or corporations, except life insurance companies, shall pay to the treasurer,

through the insurance commissioner, a tax of two per cent. on the gross premiums received from all risks located in, and from all business done within this Territory, during the year ending on the preceding 31st day of December, less return premiums, re-insurance in companies or corporations authorized to do business in this Territory, when such re-insurance is placed through or with local agents, and all life insurance companies shall pay to the treasurer, through the insurance commissioner, a tax of two per cent. on the gross premiums received from all business done within this Territory, during the year ending on the preceding 31st day of December, less return premiums, re-insurance in companies or corporations authorized to do business in this Territory, when such re-insurance is placed through or with local agents, and operating and business expenses, which taxes, when paid, shall be in settlement of all demands of any taxes or licenses or fees of every character imposed by the laws of the Territory, excepting property taxes, and the fees set forth in section 3360, for conducting said business of insurance in said Territory. Said taxes shall be due and payable on the first day of July, succeeding the filing of the statement provided for in this chapter. Any organization failing or refusing to render such statement and to pay the required taxes above stated, for more than thirty days after the time so specified, shall be liable to a penalty of twenty-five dollars for each day of delinquency, and the taxes may be collected by distraint, and the penalty recovered by an action to be instituted by the commissioner in the name of the Territory, in any court of competent jurisdiction, and the commissioner shall revoke and annul the certificate of authority of such delinquent organization until such taxes and fine, should any be imposed, are fully paid."

By its terms the tax of two per cent. on gross premiums is "in settlement of all demands of any taxes or licenses or fees of every character imposed by the laws of the Territory, excepting property taxes and the fees set forth in section 3360 *for conducting said business of insurance in*

*said Territory;*" and by section 1306, R. L. 1915, which provides for the payment of an income tax by corporations, insurance companies, taxed on a percentage of the premiums are expressly exempted from the payment of an income tax.

The tax imposed by section 3361, R. L. 1915, is an excise tax imposed on insurance companies or corporations, whether of domestic or foreign origin, for the privilege of doing business within the Territory. It is so declared in the statute which imposes it. *Maine* v. *Grand Trunk Ry. Co.,* 142 U. S. 217, 228; *Southwestern Oil Company* v. *Texas,* 217 U. S. 114; *Equitable Life Society* v. *Pennsylvania,* 238 U. S. 143, 146; *Ohio Tax Cases,* 232 U. S. 576, 592; 37 Cyc. 839, 841.

"There is no levy by the statute on the receipts themselves, either in form or fact; they constitute, as said above, simply the means of ascertaining the value of the privilege conferred." *Maine* v. *Grand Trunk Ry. Co., supra* p. 229.

In *Ohio River & W. Ry. Co.* v. *Dittey,* 203 Fed. 537, 540, the court said:

"While the mere declaration of the General Assembly that the tax is an excise tax does not make it so, if it is apparent that it cannot be consistently so designated, nevertheless the declaration of the lawmaking body is entitled to much weight. Flint v. Stone Tracy Co., 220 U. S. 107, 145, 31 Sup. Ct. 342, 55 L. Ed. 389, Ann Cas. 1912B, 1312. In view of the decisions, state and federal, it is plain that the tax in question is an excise tax on the doing of corporate intrastate business; the gross intrastate business being the yardstick or measure of taxable value. Southern Gum Co. v. Laylin, 66 Ohio St. 578, 64 N. E. 564; State v. Ferris, 53 Ohio St. 314, 41 N. E. 579, 30 L. R. A. 218; Ashley v. Ryan, 49 Ohio St. 504, 31 N. E. 721; Western Union Telegraph Co. v. Mayer, 28 Ohio St. 521; Express Co. v. State, 55 Ohio St. 69, 44 N. E. 506; Adler v. Whitbeck, 44 Ohio St. 539, 9 N. E. 672; Thomas v. U. S., 192 U. S. 363,

24 Sup. Ct. 305, 48 L. Ed. 481; Cooley Const. Lim. (6th ed.) 608; State Tax on Railway Gross Receipts, 15 Wall. 284, 21 L. Ed. 164."

On the subject of "double taxation" the following appears in the opinion of the court on page 549:

"The further charge is made that, inasmuch as plaintiffs each pay a property tax, the tax provided by the act in question is not permissible, in that it denies them the equal protection of the law by subjecting them to double taxation. This cannot be true, because the exaction of 4 per cent. of the gross intrastate earnings is not a property tax, but is an excise tax, the amount of which is fixed and measured by the amount of such earnings. Double taxation in a legal sense does not exist, unless the double tax is levied upon the same object within the same jurisdiction. Bradley v. Bauder, 36 Ohio St. 28, 35, 38 Am. Rep. 547. The plaintiffs pay but one tax on property, and another as an excise tax. The taxation, therefore, is not double. *Southern Gum Co.* v. *Laylin,* 66 Ohio St. 596, 64 N. E. 564."

In affirming the *Dittey* case on appeal the supreme court of the United States, in an opinion written by Mr. Justice Pitney, said:

"It is contended that the act is in effect a double tax upon property, and hence lacking in the uniformity required by the state constitution. But, as was pointed out by the District Court, the exaction of four per cent. of the gross intrastate earnings is not a property tax but an excise tax, whose amount is fixed and measured by such earnings; and double taxation in a legal sense does not exist unless the double tax is levied upon the same property within the same jurisdiction. Plaintiffs in error pay one tax with respect to property, another with respect to the privilege or occupation; hence the taxation is not double. *Bradley* v. *Bauder,* 36 Oh. St. 28, 35; *Southern Gum Co.* v. *Laylin,* 66 Oh. St. 578, 596." *Ohio Tax Cases, supra,* pp. 593, 594.

In our opinion the fact that an income is derived from commissions paid out of gross premiums received by fire

insurance companies, and that such companies pay a privilege tax based on the amount of such gross premiums, does not render a tax on such income double.

The decision of the tax appeal court is affirmed.

*J. W. Cathcart* (*Thompson, Milverton & Cathcart*) on the brief for the tax payer.

*I. M. Stainback,* Attorney General, for the tax assessor.