# THOMAS *v.* UNITED STATES.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 43. Argued December 4, 1903.—Decided February 23, 1904.

The words duties, imposts and excises were used comprehensively in the Constitution to cover customs and excise duties imposed on importation, consumption, manufacture and sale of certain commodities, privileges, particular business transactions, vocations and the like. The stamp duty on sales of shares of stock in corporations imposed by the War Revenue Act of 1898, 30 Stat. 448, falls within that category and was not a direct tax.

GEORGE C. THOMAS was indicted for violation of the internal revenue laws of the United States in that, being a broker in the city of New York, he sold certain shares of Atchison preferred stock and omitted the required revenue stamps from the memorandum of sale. He demurred to the indictment on the ground that the act of June 13, 1898, 30 Stat. 448, c. 448, which required the stamps to be affixed, was unconstitutional. The demurrer was overruled, the court, Thomas, J., delivering an opinion. 115 Fed. Rep. 207.

Trial was had, defendant found guilty, and judgment rendered, sentencing him to pay a fine of five hundred dollars.

The case was then brought here on writ of error.

*Mr. Frank D. Pavey,* with whom *Mr. Walker J. Moore* and *Mr. Charles C. Pavey* were on the brief, for plaintiff in error:

A tax upon property is a direct tax within the meaning of the Constitution and must be apportioned among the States in proportion to the census. *Pollock* v. *Farmers' L. & T. Co.,* 157 U. S. 429, 583; 158 U. S. 601, 637; Const. U. S. Art. I, § 2, subd. 3; Art. I, § 9, subd. 2.

Shares and certificates of stock are property. *Jellenik* v. *Huron Copper Mining Co.,* 82 Fed. Rep. 778; *Allen* v. *Pegram,*

16 Iowa, 163; *Mattingly* v. *Roach*, 84 California, 207; *Sargent* v. *Franklin Ins. Co.*, 8 Pick. 90; *Weaver* v. *Barden*, 49 N. Y. 286; 23 Am. & Eng. Ency. Law, 590; 1 Cook on Corporations, 4th ed. 41.

.The right of sale and transfer is an inherent attribute of property. 1 Blackstone's Commentaries, 138; 2 Kent's Commentaries, 317, 320, 326; Bouvier's Law Dictionary—Property; Rutherford's Institutes, p. 20; Puffendorf's Laws of Nature, p. 220; *Wynehamer* v. *People*, 13 N. Y. 396, 397; *Sherman* v. *Elder*, 24 N. Y. 381; *Toledo Bank* v. *Bond*, 1 Ohio St. 662; *Exchange Bank* v. *Hines*, 3 Ohio St. 8; *Tod* v. *Wick*, 36 Ohio St. 385; *Kuhn* v. *Common Council*, 70 Michigan, 537; *Arapahoe County* v. *Printing Co.*, 15 Colo. App. 196; *Commonwealth* v. *Maury*, 82 Virginia, 883; *State* v. *Kreutzberg*, 114 Wisconsin, 534; *In re Marshall*, 102 Fed. Rep. 324.

A tax upon the sale of articles is in substance a tax upon the articles themselves and is invalid if a tax laid in the same manner upon the articles themselves is invalid. *Brown* v. *Maryland*, 12 Wheat. 419, 444; *Welton* v. *Missouri*, 91 U. S. 275, 279; *Cook* v. *Pennsylvania*, 97 U. S. 566, 573; *Almy* v. *California*, 24 How. 174; *Nicol* v. *Ames*, 173 U. S. 509, 521; *Fairbank* v. *United States*, 181 U. S. 293.

A tax upon the sales of shares or certificates of stock is in substance a tax upon the shares or certificates themselves. It is therefore a tax upon property and is a direct tax within the meaning of the Constitution. The war revenue tax upon the sales or shares or certificates of stock is not laid in proportion to the census or enumeration or apportioned among the States according to their numbers and is therefore unconstitutional and void.

*Mr. Assistant Attorney General Purdy* for the United States:

Where the constitutionality of a law is involved, every possible presumption is in favor of its validity, and this continues until the contrary is shown beyond a reasonable doubt. *Sinking Fund Cases*, 99 U. S. 700, 718; *Powell* v. *Pennsylvania*, 127

U. S. 678, 684, citing, *Fletcher* v. *Peck*, 6 Cranch, 87, 128; *Dartmouth College* v. *Woodward*, 4 Wheat. 518, 625; *Livingston* v. *Darlington*, 101 U. S. 407; *Ogden* v. *Saunders*, 12 Wheat. 213. And see *Nicol* v. *Ames*, 173 U. S. 514.

The Constitution expressly confers upon Congress the taxing power, Art. I, § 8, except as expressed in regard to duties on exports, *Fairbank* v. *United States*, 181 U. S. 293, and except as implied as to means and instrumentalities of government. *Collector* v. *Day*, 11 Wall. 113; all taxes being subject to the rule of uniformity throughout the United States. *Knowlton* v. *Moore*, 178 U. S. 41, 83. As to rule of apportionment, see Art. I, § 9, par. 4, Cons.; *Hylton* v. *United States*, 3 Dall. 171, 177; *Pollock* v. *Farmers' Loan and Trust Co.*, 157 U. S. 429; 158 U. S. 601.

Congress may make all laws which shall be necessary and proper for carrying into execution the foregoing power. The selection of the means rests with Congress. Unless these means are forbidden by the Constitution, the courts will not interfere. *McCulloch* v. *Maryland*, 4 Wheat. 316, 421; *Fong Yue Ting* v. *United States*, 149 U. S. 698, 712; *Interstate C. C.* v. *Brimson*, 154 U. S. 447, 472.

With the two exceptions and under the limitations of the Constitution heretofore pointed out, the taxing power of Congress reaches all kinds and descriptions of property and all rights and privileges incident thereto. *License Tax Cases*, 5 Wall. 462, 471; *Pacific Ins. Co.* v. *Soule*, 7 Wall. 433, 443; *State Tax on Foreign Held Bonds*, 15 Wall. 300, 319; *Knowlton* v. *Moore*, 178 U. S. 41, 59.

In exercising the taxing power Congress may, through classification, select the subjects of taxation, and thus use its discretion in distributing equitably the burdens of government. *Magoun* v. *Illinois Trust and Svgs. Bank*, 170 U. S. 283.

As to the power of Congress, through classification, to select subjects of taxation, the question always is, when a classification is made, whether there is any reasonable ground for it or whether it is only simply arbitrary, based upon no real distinction and entirely unnatural. If the classification be

proper and legal, then there is the requisite uniformity in that respect. *Nicol* v. *Ames*, 173 U. S. 509, 521. And see also *Gulf, Colorado &c. Ry.* v. *Ellis*, 165 U. S. 150; *Barbier* v. *Connolly*, 113 U. S. 31; *Bell's Gap R. R. Co.* v. *Pennsylvania*, 134 U. S. 232, 234; *Home Insurance Co.* v. *New York*, 134 U. S. 594; *Pacific Express Company* v. *Seibert*, 142 U. S. 339; *Railroad Company* v. *Gibbs*, 142 U. S. 386; *Missouri Pacific R. R. Co.* v. *Humes*, 115 U. S. 512; *Missouri Ry. Co.* v. *Mackey*, 127 U. S. 205; *Kentucky Railroad Tax Cases*, 115 U. S. 321; *Missouri* v. *Lewis*, 101 U. S. 22, 30; *Horn Silver Mining Co.* v. *New York*, 143 U. S. 305; *Munn* v. *Illinois*, 94 U. S. 113; *Budd* v. *New York*, 143 U. S. 517; *Soon Hing* v. *Crowley*, 113 U. S. 703; *Wurtz* v. *Hoagland*, 114 U. S. 606; *Watson* v. *Nevin*, 128 U. S. 578; *Minneapolis* v. *Beckwith*, 129 U. S. 26; *C. & N. W. Ry. Co.* v. *McLaughlin*, 119 U. S. 566; *Hayes* v. *Missouri*, 120 U. S. 68; *Dow* v. *Beidelman*, 125 U. S. 680.

The constitutionality of a law making an exaction for purposes of revenue depends upon its operation and effect, and not upon the form it may be made to assume. *License Tax Cases*, 5 Wall. 462.

The absolute and unlimited power to tax is inherent in every sovereignty. In adopting the Constitution, however, the people of the United States delegated to the General Government this power to tax subject to certain exceptions and limitations.

It is apparent from this express grant of power to tax that certain limitations or restrictions were imposed upon the purpose for which taxes could be laid and collected, and which are as follows:

1. To pay the debts of the United States; 2. To provide for the common defence of the United States; and, 3. To provide for the general welfare of the United States. 1 Story on the Constitution, §§ 907, 926; 7 Jefferson's Works, 757; Tucker on the Constitution, 222; Judson on Taxation (1903), § 480.

These limitations as to the purpose for which a tax may be constitutionally laid and collected are so general and far reaching in their nature as to practically amount to no limitation.

*Collector* v. *Day*, 11 Wall. 113, 127. See also *Lane County Oregon*, 7 Wall. 71, 77; *Veazie Bank* v. *Fenno*, 8 Wall. 533, 537; *National Bank* v. *Commonwealth*, 9 Wall. 353, 362; *United States* v. *Railway Company*, 17 Wall. 322, 327; *Railway Company* v. *Penniston*, 18 Wall. 5, 36; *California* v. *Central Pacific Ry. Co.*, 127 U. S. 1, 40; *Knowlton* v. *Moore*, 178 U. S. 41, 59.

Whatever may be the precise meaning of the phrase "direct tax" as understood and used by various writers on the subject of political economy, it is only necessary to an intelligent discussion of the validity of the law under consideration to ascertain and determine what is understood by the phrase "direct tax" within the meaning of the Constitution. *Nicol* v. *Ames*, 173 U. S. 509, 515.

The following are the only direct taxes, within the meaning of the Constitution, which have been decided between 1789 and 1896, to be such by the opinions of this court: 1. A capitation or poll tax. The Constitution in express terms regards a capitation or poll tax as a direct tax. 2. A tax on lands (that is, a direct tax on lands such as is ordinarily imposed). *Hylton* v. *United States*, 3 Dallas, 171; *Pacific Insurance Co.* v. *Soule*, 7 Wall. 433; *Veazie Bank* v. *Fenno*, 8 Wall. 533; *National Bank* v. *United States*, 101 U. S. 1; *Scholey* v. *Rew*, 23 Wall. 331; *Railroad Company* v. *Collector*, 100 U. S. 595; *Springer* v. *United States*, 102 U. S. 586; and since 1896: 3. A tax upon all one's personal estate by reason of one's general ownership thereof. 4. A tax on the income of real property. 5. A tax upon the income of personal property. *Pollock* v. *Farmers' Loan and Trust Co.*, 157 U. S. 429; 158 U. S. 601.

The tax here imposed is an indirect tax within every definition of that term contained in the many decisions of this court, and the writings of leading authors on the subject of political economy. For definition of direct and indirect taxes, see *Knowlton* v. *Moore*, 178 U. S. 47; *Income Tax Case*, 157 U. S. 429, 558; Definition of Mr. Edmunds, 157 U. S. 491; of Mr. Justice Brown, 157 U. S. 491; of Chief Justice Fuller, 157 U. S. 558; of Mr. Sedgwick, 157 U. S. 568; of Mr. Albert Gallatin, 157

U. S. 569; of the Justices in the *Hylton Case,* 3 Dall. 171; of Alexander Hamilton, 157 U. S. 572; of Chief Justice Chase, 8 Wall. 546; of Judge Cooley, Const. Lim., 5th ed. 595, *480; of Mr. Justice Miller, Lectures on Constitution, 237; Pomeroy's Const. Law, § 281; 1 Hare's Am. Const. Law, 249; Burroughs on Taxation, 502; Ordonaux's Const. Legislation, 225. See 157 U. S. 624; Black on the Constitution, 162; Mr. Justice Swayne, 102 U. S. 602; Bastable on Public Finance, 249, 256; David A. Wells's Theory and Practice of Taxation.

The tax here imposed is not a direct tax within the meaning of the Constitution, for the reason that it is impossible to apportion it among the several States according to population.

It is a tax in the nature of a duty or excise upon transactions in business activity or forms of commercial dealing. Congress has the power to declare that any person who shall engage in the business or occupation of buying and selling certificates of stock shall pay a tax measured by the price realized. The power to impose privilege and occupation taxes exists independently and concurrently in the state and Federal governments, subject to the constitutional restrictions; in the state governments subject to the exclusive rights conferred on Congress to regulate interstate commerce, and in the Federal government subject to the prohibition of any interference with the internal regulations of the State. *Ward v. Maryland,* 12 Wall. 418; *License Tax Cases,* 5 How. 504; *Nathan v. Louisiana,* 8 How. 73; *Dobbins* v. *Erie County,* 16 Peters, 435; *Railway Co. v. Collector,* 100 U. S. 593, 598.

It is in the nature of a duty or excise upon the contract of sale itself, referring only to the fact that the subject-matter of the sale must be a certificate of stock as the basis or ground for classification. Cases already cited and *Treat* v. *White,* 181 U. S. 264, 268. It is closely analogous to the tax involved in *Hylton* v. *United States,* 3 Dall. 171.

The tax is laid upon the privilege or facility afforded the owner of the stock, under and by virtue of the laws of the State

authorizing the formation of the corporation, to sell and dispose of his property in the form of a certificate of stock.

Taxes of this nature have been uniformly regarded by the legislative and executive departments of the Government since its foundation as indirect within the meaning of the Constitution.

An act of Congress imposing a tax directly upon all shares or certificates of stock in all corporations and associations would be constitutional. *A fortiori*, is a law constitutional which merely taxes the sale, or agreement to sell, such property. *Pacific Insurance Company* v. *Soule,* 7 Wall. 433; *Veazie Bank* v. *Fenno,* 8 Wall. 533, 544, 546; *National Bank* v. *United States,* 101 U. S. 1; *Scholey* v. *Rew,* 23 Wall. 333; *Railroad Company* v. *Collector,* 100 U. S. 595; *Springer* v. *United States,* 102 U. S. 586, 602; *Patten* v. *Brady,* 184 U. S. 608.

Mr. Chief Justice Fuller, after making the foregoing statement, delivered the opinion of the court.

By the first clause of section eight of article I of the Constitution, Congress is empowered "to lay and collect taxes, duties, imposts and excises," "but all duties, imposts and excises shall be uniform throughout the United States."

This division of taxation into two classes is recognized throughout the Constitution.

By clause three of section two, representatives and direct taxes are required to be apportioned according to the enumeration prescribed, and by clause four of section nine, no capitation or other direct tax can be laid except according to that enumeration.

By clause one of section nine, the migration or importation of persons by the States was not to be prohibited prior to 1808, but a tax or duty could be imposed on such importation, not exceeding ten dollars for each person.

By clause five it is provided: "No tax or duty shall be laid on articles exported from any State."

By clause two of section ten, no State can, "without the

consent of the Congress, lay any imposts or duties on imports or exports, except what may be absolutely necessary for executing its inspection laws." By clause three the States are forbidden, without the consent of Congress, to "lay any duty of tonnage."

And these two classes, taxes so-called, and "duties, imposts and excises," apparently embrace all forms of taxation contemplated by the Constitution. As was observed in *Pollock* v. *Farmers' Loan and Trust Company*, 157 U. S. 429, 557: "Although there have been from time to time intimations that there might be some tax which was not a direct tax nor included under the words 'duties, imposts and excises,' such a tax for more than one hundred years of national existence has as yet remained undiscovered, notwithstanding the stress of particular circumstances has invited thorough investigation into sources of revenue."

The present case involves a stamp tax on a memorandum or contract of sale of a certificate of stock, which plaintiff in error claims was unlawfully exacted because not falling within the class of duties, imposts and excises, and being, on the contrary, a direct tax on property.

There is no occasion to attempt to confine the words duties, imposts and excises to the limits of precise definition. We think that they were used comprehensively to cover customs and excise duties imposed on importation, consumption, manufacture and sale of certain commodities, privileges, particular business transactions, vocations, occupations and the like.

Taxes of this sort have been repeatedly sustained by this court, and distinguished from direct taxes under the Constitution. As in *Hylton* v. *United States*, 3 Dallas, 171, on the use of carriages; in *Nicol* v. *Ames*, 173 U. S. 509, on sales at exchanges or boards of trade; in *Knowlton* v. *Moore*, 178 U. S. 41, on the transmission of property from the dead to the living; in *Treat* v. *White*, 181 U. S. 264, on agreements to sell shares of stock denominated "calls" by New York stock brokers; in

*Patton* v. *Brady*, 184 U. S. 608, on tobacco manufactured for consumption.

*Brown* v. *Maryland*, 12 Wheat. 419, and *Fairbank* v. *United States*, 181 U. S. 283, are not in point. In the one the clause of the Constitution was considered which forbids any State, without the consent of Congress, to "lay any imposts or duties on imports or exports," and in the other, that "no·tax or duty shall be laid on articles exported from any State." The distinction between direct and indirect taxes was not involved in either case.

The sale of stocks is a particular business transaction in the exercise of the privilege afforded by the laws in respect to corporations of disposing of property in the form of certificates. The stamp duty is contingent on the happening of the event of sale, and the element of absolute and unavoidable demand is lacking. As such it falls, as stamp taxes ordinarily do, within the second class of the forms of taxation.

*Judgment affirmed.*