ELDORADO COAL & MINING COMPANY *v.* MAGER, COLLECTOR OF INTERNAL REVENUE FOR THE FIRST DISTRICT OF ILLINOIS.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 609. Argued January 12, 1921.—Decided March 28, 1921.

A mining corporation, upon a sale of its mine and plant in 1917, realized a profit representing an appreciation in their value since March 1, 1913. *Held*, that the increase was taxable as income. P. 526. *Merchants' Loan & Trust Co.* v. *Smietanka, ante,* 509.
Affirmed.

THE case is stated in the opinion.

*Mr. Herbert Pope,* with whom *Mr. Rush C. Butler, Mr. James J. Forstall* and *Mr. Frank E. Harkness* were on the briefs, for plaintiff in error:

There is a fundamental difference between a profit realized on a sale by a merchant or trader in the course of his business and a gain resulting from an increase in a capital investment; income arises on the sale in the case of the merchant, but, in the case of the capital investment, income arises neither on the sale nor prior thereto. *Hudson's Bay Co.* v. *Stevens*, 5 Tax Cases, 424, 437; *Assets Company* v. *Forbes*, 3 Tax Cases, 542, 548; *Ex parte Humbird*, 114 Maryland, 627, 633.

This court has decided that, in the case of a merchant in the course of his business, income accrues and is received when he sells for a profit, but that, in the case of an investor, income does not accrue and is not received while his capital investment is increasing in value, nor when the investment is sold. *Gray* v. *Darlington*, 15 Wall. 63, 65, 66; *Lynch* v. *Turrish*, 247 U. S. 221, 229, 230; *Eisner* v. *Macomber*, 252 U. S. 189, 207, 214, 215.

Cases decided by this court under the Corporation Excise Tax Act of 1909 are not inconsistent with the decisions of this court previously cited.

If increase in the value of an investment accrues as income during the period of such increase, it cannot become income only when the investment is sold; and if increase in the value of an investment is capital, and never, even on a sale of the investment, accrues as income, the increase in value can never be received as income. *Lynch* v. *Turrish*, 247 U. S. 221, 229; *Gray* v. *Darlington*, 15 Wall. 63.

An increase in the money value of capital is not realized as income by a sale or conversion of the capital. The idea that income is realized by conversion of capital which has increased in value is evidently due to a confusion of ideas in two particulars: first, the fact that a merchant or trader realizes income only when he sells the property in which he trades suggests the idea that any sale, when increase in value has already occurred, must likewise

produce income; second, it has been assumed that an accounting practice in recording capital values was based on a distinction between capital and income, when in fact it is not.

Prior to the adoption of the Sixteenth Amendment both English and American courts had definitely decided that the sale of capital investments at an advance over cost did not produce income. A winding-up sale does not involve a conversion of two investments, one an investment of the corporation and another an investment of the stockholders. The authorities sustain the contention that on a winding-up sale by a corporation the investment sold is the investment of the stockholders, and that any prior increase in the value of the property sold was an increase in the value of their investment. *Lynch* v. *Turrish*, 247 U. S. 221, 228; *Collector* v. *Hubbard*, 12 Wall. 1; *Bailey* v. *Railroad Co.*, 22 Wall. 604, 635, 636; *Tebrau Rubber Syndicate, Ltd.*, v. *Farmer* (1909), 5 Tax Cases, 658.

The income tax provisions of neither the Act of March 2, 1867, nor the Act of October 3, 1913, imposed any tax on a realized increase in the value of capital assets. *Gray* v. *Darlington*, 15 Wall. 63; *Lynch* v. *Turrish*, 247 U. S. 221; *Maryland Casualty Co.* v. *United States*, 251 U. S. 342.

The provisions of the Revenue Acts of 1916 and 1917 which define the property on which the income and excess profits taxes are imposed are substantially the same as the corresponding provisions of the Acts of 1867 and 1913.

No rulings of the Treasury Department can affect the duty of the court to give the same interpretation, in this respect, to the Revenue Acts of 1916 and 1917 as to the Acts of 1867 and 1913.

Neither the new provisions of the Revenue Act of 1916 making the March 1, 1913, value the basis for com-

puting gain or loss "from the sale or other disposition" of property, nor the new provision in that act with regard to losses of individuals, serve to make the scope of the Revenue Acts of 1916 and 1917 any broader, as to realized increases in the value of capital assets, than the Act of 1867 or the Act of 1913.

All doubts respecting the scope and meaning of a tax statute are to be resolved in favor of the taxpayer. *Gould* v. *Gould,* 245 U. S. 151; *Crocker* v. *Malley,* 249 U. S. 223, 233.

A statute must be so construed, if fairly possible, as not only to avoid the conclusion that it is unconstitutional but even grave doubts upon that score. *United States* v. *Jin Fuey Moy,* 241 U. S. 394, 401; *United States* v. *Delaware & Hudson Co.,* 213 U. S. 366, 408.

*The Solicitor General* for defendant in error.

Mr. Justice Clarke delivered the opinion of the court.

This case comes into this court on a writ of error to review a judgment of the District Court of the United States for the Northern District of Illinois, sustaining a demurrer to a declaration in assumpsit to recover an assessment of income and excess profits taxes for the year 1917, under warrant of the Income Tax Act of Congress, approved September 8, 1916, c. 463, 39 Stat. 756, as amended by the Act approved October 3, 1917, c. 63, 40 Stat. 300. Payment was made under protest and the claim to recover is based upon the same contention dealt with in No. 608, this day decided, *ante,* 509, that the fund taxed was not "income" within the scope of the Sixteenth Amendment to the Constitution of the United States, and that the effect given by the lower court to the act renders it unconstitutional and void.

The Eldorado Coal and Mining Company is an In-

diana corporation, which operated a bituminous coal mine and mining plant, which it sold in May, 1917, for cash. The company retained its accounts receivable and prior to September 30, 1917, it distributed among its stockholders, proportionately to their ownership of stocks, the cash received from the sale and the accounts receivable in kind. The corporation, however, was not dissolved nor its charter surrendered, because there were unsettled liabilities against it for federal income taxes and excess profit taxes. Otherwise its affairs were wound up.

It is averred in the declaration that, taking the fair market value as of March 1, 1913, of the capital assets of the company invested and employed in its business, and adding thereto the cost of additions and betterments, and subtracting depreciation and depletion to the date of sale, it appears that there was an appreciation in value of the property after March 1, 1913, of $5,986.02, and it was on this profit realized by the sale that the assessment of $3,073.16 was made which the company paid and in this suit seeks to recover.

It is obvious from this statement of the case that it presents in so nearly the same form precisely the same questions as were considered in No. 608, *Merchants' Loan & Trust Co.* v. *Smietanka*, this day decided, *ante*, 509, that further discussion of them is unnecessary, and, on the authority of that case, the judgment of the District Court is

*Affirmed.*

Mr. Justice Holmes and Mr. Justice Brandeis, because of prior decisions of the court, concur only in the judgment.