**BOWERS, Collector of Internal Revenue, v. TAFT (two cases).**

**SAME v. GREENWAY (two cases).**

Circuit Court of Appeals, Second Circuit.
July 5, 1927.

Nos. 280, 294.

Constitutional law ⚬284(1)—Internal revenue ⚬2(10)—Income tax statute, requiring donee selling stock to account for difference between selling price and value when donor acquired it, held valid (Revenue Act 1921, § 202 [a] [2], being Comp. St. § 6336⅛bb; Const. Amend. 5).

Revenue Act 1921, § 202 (a) (2), being Comp. St. § 6336⅛bb, requiring donee of stock,

who sold it at profit, to account as income for difference between selling price and value when donor acquired it, *held* not to contravene Fifth Amendment to Constitution; it not being capricious to put property acquired by gift in special class, and tax it *differently* from property acquired by purchase.

Swan, Circuit Judge, dissenting.

In Error to the District Court of the United States for the Southern District of New York.

Actions by Elizabeth C. Taft and by Gilbert C. Greenway, Jr., against Frank K. Bowers, Collector of Internal Revenue, to recover for income taxes paid under protest. Judgments for plaintiffs (15 F.[2d] 890) and defendant brings error. Reversed.

Charles H. Tuttle, U. S. Atty., of New York City (Samuel C. Coleman, Asst. U. S. Atty., of New York City, of counsel), for plaintiff in error.

Cadwalader, Wickersham & Taft, of New York City (Henry W. Taft and Clarence Castimore, both of New York City, of counsel), for defendant in error Taft.

Baldwin, Hutchins & Todd, of New York City (Robert A. Young and E. Raymond Shepard, both of New York City, of counsel), for defendant in error Greenway.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge. These cases were argued together and will be considered in one opinion. The defendant in error Mrs. Taft received a gift from her father of 150 shares of the common stock of the Nash Motors Company—100 shares in December, 1921, and 50 shares in March, 1922. They were transferred on the books of the corporation in her name on December 26, 1922, when she became the record owner thereof. They were obtained by her father as a bonus in connection with the purchase of preferred stock of the Nash Motors Company. In February, 1923, the Nash Motors Company declared a stock dividend of four shares of common and three shares of preferred on each share of common stock to the stockholders of record on December 26, 1922. As a result she became the owner of 750 shares of common and 450 shares of preferred stock. After the receipt of this stock, in 1923, she sold 200 shares of common and 130 shares of preferred stock for $34,345.30. The market value of her 150 shares of common at the time she received the gift from her father was $42,350. The stock which she sold in 1923 brought $11,708 more than it was worth when she received it. In making her income

tax return and paying the same for 1923, she included the entire gain of the sale of the stock sold by her as income for that year. This was required by section 202 (a) of the Revenue Act of 1921 (Comp. St. § 6336⅛bb). She paid a tax upon the basis of the original return, and thereafter protested against the tax upon the full amount of the proceeds, arguing that she should have been required to account, as income, for the difference between the value of the stock when she acquired it and the price at which she had sold it, to wit, $11,708.80.

In Mr. Greenway's case, the action is to recover a tax paid under protest as income tax for the year 1922, payment being made in 1923. The stock sold by this defendant in error was also a gift made by his brother to him. The stock was likewise sold at a profit.

The statute involved, section 202 (a) (2) of the Revenue Act of 1921, provides:

"(a) That the basis for ascertaining the gain derived or loss sustained from a sale or other disposition of property, real, personal, or mixed, acquired after February 28, 1913, shall be the cost of such property; except that—

\* \* \* \* \* \* \*

"(2) In the case of such property, acquired by gift after December 31, 1920, the basis shall be the same as that which it would have in the hands of the donor or the last preceding owner by whom it was not acquired by gift. If the facts necessary to determine such basis are unknown to the donee, the Commissioner shall, if possible, obtain such facts from such donor or last preceding owner, or any other person cognizant thereof. If the Commissioner finds it impossible to obtain such facts, the basis shall be the value of such property as found by the Commissioner as of the date or approximate date at which, according to the best information the Commissioner is able to obtain, such property was acquired by such donor or last preceding owner."

A profit resulting from the conversion of capital assets is income, within the Sixteenth Amendment of the Constitution. Merchants' Loan & Trust Co. v. Smietanka, 255 U. S. 509, 41 S. Ct. 386, 65 L. Ed. 751, 15 A. L. R. 1305; Eldorado Coal & Mining Co. v. Mager, 255 U. S. 522, 41 S. Ct. 390, 65 L. Ed. 757; Walsh v. Brewster, 255 U. S. 536, 41 S. Ct. 392, 65 L. Ed. 762. Income from gifts is treated in the same manner as income from other sources, and income has been defined as gain derived from capital and labor or from both combined provided it be understood to include profit or gain through a sale or conversion of capital assets. Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570. The statute here attacked recognized this definition of income, and measures the profit or loss upon the sale or conversion of the gift as a difference between the price which the donor paid for it and the price which the donee obtained. The value of the property at the time the donor transferred it to the donee is ignored and Congress, in effect, charged the gift with the tax which the donor would have paid had he received the market value for it at the time of the gift.

The arguments of the defendants in error are that a gift is in the nature of capital assets, and that no tax is imposed upon the gift as such. The arguments further are that, by taxing as income the difference between the cost to the donor and the price, realized by the donee, the tax is being imposed upon the corpus of the gifts themselves, and that section 213 (b) of the statute (Comp. St. § 6336⅛ff), forbids this. But the question is whether the method adopted by Congress for measuring income is, in the case of the donee, a reasonable one in the aid of the purposes of federal income taxation. Section 213 (b) does not define what is income from a gift. The defendants in error accede to the position that what each received when they sold the property, if it shows an increase, is a profit; but, in measuring it, the price at the date each received the gift must be assumed to be its worth to them. But Congress has measured otherwise, and it says, in protecting the government against loss of revenue, it is proper that, where the donee pays nothing, it accepts as a measure of gain or loss the cost to the donor without reference to its actual value when received by the donee.

The obvious purpose of section 202 (a) (2) was to prevent the loss of income represented within the profit to the donor during the period he held the property before he made his gift. Congress has determined that this same increment shall be recognized as income, even though a gift intervenes. The transfer by gift is but a change of ownership in the specific property. In doing this, Congress imposes no tax upon an unrealized gain. The value of the property is ignored or not taken into account until the property is finally disposed of in such a way that it could be determined that the owner made either a gain or a loss, and, until there is a sale, there is no necessity for measuring income, nor is there an opportunity to do so. This avoids tax evasion or tax avoidance.

This statute puts the donee, who pays nothing for the property, and who therefore loses nothing, on any theory of economic principle, in the position the donor would have been, in so far as taxation is concerned.

Nor does this method of taxation suggest that the statute is unconstitutional, as in violation of the Fifth Amendment. While the power to tax is not absolute, a tax should be shown to be arbitrary and capricious before it is condemned. The power of Congress to tax as permitted under the Sixteenth Amendment must be recognized, as well as protection under the Fifth Amendment. The method of the statute which regards the corpus of the gift, irrespective of its value, as a thing which is transferred, is essential to the entire taxing scheme. The method results in no greater tax than that which would have been imposed upon the donor and the donee, if each had been asked to pay a proportion of the tax based upon the amount of the increment when in the hands of each. Only the income from the gift is affected by the statute. It is not the donee's income from other sources. The statute is prospective in operation, and relates to gifts made after a certain date. A donee must, therefore, be charged with the knowledge that under the law the gift may be worth less to him because of the necessity of sharing part of the profits with the government—that part which had accumulated up to the time he had received the gift. The argument against the constitutionality of the section loses sight of the fact that the statute is directed toward a means for collecting the revenue which is made available under the income tax statute. Knowlton v. Moore, 178 U. S. 41, 20 S. Ct. 747, 44 L. Ed. 969; N. Y. Trust Co. v. Eisner, 256 U. S. 345, 41 S. Ct. 506, 65 L. Ed. 963, 16 A. L. R. 660.

The statute may, indeed, be said to be an execution of the main design of the Income Tax Act. That it is proper to ignore the value of property at the time of the gift is illustrated by the excess profits tax. A tax upon a donor for making a gift is not in violation of the Constitution. Anderson v. McNeir, 16 F.(2d) 970.

The Supreme Court said, in La Belle Iron Works v. United States, 256 U. S. 377, 41 S. Ct. 528, 65 L. Ed. 998: "Nor can we regard the act—in basing 'invested capital' upon actual costs to the exclusion of higher estimated values—as productive of arbitrary discriminations raising a doubt about its constitutionality under the due process clause of the Fifth Amendment. The difficulty of adjusting any system of taxation so as to render it precisely equal in its bearing is proverbial, and such nicety is not even required of the states under the equal protection clause, much less of Congress under the more general requirement of due process of law in taxation. Of course, it will be understood that Congress has very ample authority to adjust its income taxes according to its discretion, within the bounds of geographical uniformity. Courts have no authority to pass upon the propriety of its measures; and we deal with the present criticism only for the purpose of refuting the contention, strongly urged, that the tax is so wholly arbitrary as to amount to confiscation."

So here Congress, in effect, has said that, notwithstanding the value of the property, from an economic standpoint, for the purpose of this taxation, that value is ignored, and only the value when the property was acquired by the donor is considered. This is deemed necessary to the enforcement of this aspect of the Income Tax Law, where a gift is made, and where a profit or loss is afterwards realized, and it becomes necessary to make proper measurement thereof. Although popularly the gift has a fixed value at the date of transfer, there is no constitutional objection, for income tax purposes, in rejecting or in ignoring that fact, and holding that the rights transferred by the gift, which include the increment while in the hands of the donor, are subject to the tax. No one would have doubted the power of Congress to impose a tax upon the donor at the time of the gift, and the tax could have been measured by the difference between the price he paid for it and its value when he transferred it. Nor could it be criticized if the donee was left to pay the balance of the tax, based upon the difference between value on the date of acquisition and the value on the date of sale.

The statute does no more than tax the donee for a gift when he sells it, and measures that income for income tax purposes as based upon the difference between the cost when acquired by the donor and the price realized by the donee. It is not capricious to put property acquired by gift in a special class, and to tax it differently from property acquired by purchase. Bowman v. Cont. Oil Co., 256 U. S. 642, 41 S. Ct. 606, 65 L. Ed. 1139; Brushaber v. Union Pac. R. R. Co., 240 U. S. 1, 36 S. Ct. 236, 60 L. Ed. 493; Thomas v. U. S., 192 U. S. 363, 24 S. Ct. 305, 48 L. Ed. 481. It is sufficient, for the main purposes of the Sixteenth Amendment and the income tax enactments pursuant thereto, if the method of taxation is consistent with the entire scheme of taxation and the tax im-

posed by that method may not be considered direct.

We think that Congress, in levying the tax here, was well within its constitutional power in creating a classification which was reasonable, and neither the tax nor the method of enforcing it was arbitrary or capricious. Barclay & Co. v. Edwards, 267 U. S. 442, 45 S. Ct. 135, 348, 69 L. Ed. 703.

The judgments below are reversed, with costs.

SWAN, Circuit Judge, dissents.

L. HAND, Circuit Judge (concurring). In each of these cases the amount of the tax does not exceed the increase in value of the gift while in the donee's hands. Strictly speaking, the question does not therefore arise whether Congress may, as a tax on income, seize any part of the increase in value of the gift before the donee accepted it. I am not entirely sure that a tax, if limited to the increase in the donee's hands, might not be calculated upon the difference between what the donor paid and the donee got. At the argument, I was disposed to think that these cases might be decided on some such reasoning, but it is pretty clear that that would make a new statute. Congress did not mean so to limit the tax. In the first place the results would be so capricious that the validity of the law might be doubtful, and in the second, much revenue would be lost which was certainly intended to be reached. We may hardly so far strain the law to save it. So I think that this act must be good in whole or not at all.

No increase in value not realized in cash can be taxed as income under the Sixteenth Amendment; that was very deliberately decided in Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570. If so, it is impossible to tax the increase in the donor's hands at all; it is not income, though at any time by a sale he could have made it such. The same increase is as little income, even after it has passed to the donee, until he sells. However, it seems to me equally clear that when he does, there has been a gain which is in every sense income, to the extent of the difference between what the donor paid and the donee got. I am not concerned for the moment with whose gain it is, but that the whole gain is income cannot, I submit, be disputed. If it is important, I suggest that the language of the Amendment itself gives Congress power to lay "taxes on incomes," not on persons. Therefore there is a subject-matter which Congress may tax without apportionment, and part of which,

after Eisner v. Macomber, it could not tax in any other way, except perhaps as an excise.

I can see no injustice in regarding the whole of this gain as income of the donee, and if there be no injustice certainly it is not within the Fifth Amendment. Suppose that the law charged the corpus of the gift while in the donor's hands with an inchoate tax at specified rates, to be calculated upon its increase whenever it was sold. The donee in accepting such a gift would take it subject to that charge, though its amount would remain undetermined until he sold. I can see nothing unconstitutional in that, nor in imposing upon him a corresponding duty in personam because of his acceptance. So far as that would involve uncertainty, arising from fluctuation in value of the gift after acceptance, it would be entirely within the donee's control, for he may sell when he likes, and could scarcely complain of any increase which might result from his delay. It is true that Congress has gone further than that, because it has made the whole gain a part of his income for the year in which he sells. But again so far as that is dependent upon the amount of his other income, he can reckon with it when he accepts the gift, and of any subsequent fluctuation he takes his chance, precisely as he does of fluctuation in the value of the gift.

Therefore I fail to see any oppression in this method of calculating the tax upon what, as I have said, appears to me an unquestionable subject-matter for taxation. In Lynch v. Turrish, 247 U. S. 221, 38 S. Ct. 537, 62 L. Ed. 1087, the gain had accrued before the amendment went into effect. I read Gray v. Darlington, 15 Wall. 63, 21 L. Ed. 45, in the same sense, though perhaps it was only a forerunner of Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570. People ex rel. Brewster v. Wendell, 196 App. Div. 613, 188 N. Y. S. 510, dealt with a statute which sought to tax the donor, and was void where Eisner v. Macomber is law. That the statute is reasonably ancillary to a valid constitutional purpose seems to me as plain as in Rice v. Eisner, 16 F.(2d) 358 (C. C. A. 2); that the practice, if permissible, will become a common contrivance to frustrate that purpose, I have no doubt whatever.

I concur with my brother MANTON.

SWAN, Circuit Judge (dissenting). I am unable to agree with the result reached by my colleagues. Section 202 (a) (2) of the Revenue Act of 1921 attempts to include as income of the donee, sustained upon sale

of the gift, the increment in value which accrued during the time the property was owned by the donor, or by his predecessor in title if the donor himself received it as a gift. It has been established that Congress may not tax as income what in fact is not income, without apportioning the tax according to the constitutional requirement. Eisner v. Macomber, 252 U. S. 189, 40 S. Ct. 189, 64 L. Ed. 521, 9 A. L. R. 1570. Property obtained by gift is capital, not income in the hands of the donee upon its receipt. Edwards v. Cuba Railroad, 268 U. S. 628, 45 S. Ct. 614, 69 L. Ed. 1124; United States v. Oregon-Washington, etc., Co., 251 F. 211 (C. C. A. 2). This is expressly recognized by the declaration of section 213 (b) (3) of the Revenue Act of 1921 to the effect that gross income shall not include the value of property acquired by gift, but only the income from such property. But section 202 defines the income from such property as including the increment in value which accrued before the donee became owner of the property. This is an attempt to declare to be income of the donee, when realized by sale of the gift, something which was part of the donee's capital before the sale.

In Doyle v. Mitchell Bros. Co., 247 U. S. 179, 38 S. Ct. 467, 62 L. Ed. 1054, Mr. Justice Pitney, speaking for a unanimous court, said: "In order to determine whether there has been gain or loss, and the amount of the gain, if any, we must withdraw from the gross proceeds an amount sufficient to restore the capital value that existed at the commencement of the period under consideration." It was held that, where the increase in capital value occurred before passage of the taxing act, such increase is not taxable as income upon sale of the property. A similar decision as to the Income Tax Act of 1913 (38 Stat. 114) appears in Lynch v. Turrish, 247 U. S. 221, 38 S. Ct. 537, 62 L. Ed. 1087.

I am unable to see why these cases are not applicable. The period under consideration in determining the gain realized by the taxpayer donee is the period of the donee's ownership. Only by giving an unreal valuation to the capital of the donee, namely, the cost of the gift to the donor or his predecessor in title, is it possible to consider the total gain above such cost as income to the donee realized by his sale. It does not seem to me a sufficient answer to say that the donee accepts the gift with knowledge that Congress has declared it to have this fictitious valuation for income tax purposes. The tax is not an excise on the privilege of accepting the gift; it is an income tax, and the taxpayer's income must be a gain derived from his capital, or his labor, or from both combined.

It is my opinion, therefore, that the judgments should be affirmed.