GeeeN, Judge,
delivered the opinion of the court:
The plaintiff on April 10, 1933, entered into a contract by which it agreed to sell and deliver to the defendant a certain quantity of shirting and the United States agreed to pay for the same $158,000. The contract further provided in substance that the purchase price included all imposts applicable to the supplies to be furnished under any Federal law in force at the date when the contract was made, and that if any new taxes were subsequently made applicable to such supplies by Congress the price named in the contract would be increased accordingly.
The supplies were furnished by the plaintiff and $158,000 paid by the defendant. After the contract was made, by the passage of the Agricultural Adjustment Act, as amended, a processing tax was imposed upon the manufacturer from which the supplies were obtained amounting to $7,655.15 upon the “processing” of the goods so sold to plaintiff. The plaintiff’s contract with the manufacturer corresponded with the provision in its contract with the United States and the plaintiff was required by the “processor” to pay this additional amount for the goods which it had purchased to fill the contract with the Government.
October 9, 1933, the plaintiff made a claim and demand against the defendant for this additional amount of $7,655.15. This claim was denied and rejected by the Comptroller General on the ground that said amount was not paid by plaintiff directly to the United States.
The ruling made by the Comptroller General can not be sustained. This is not a suit for the refund of taxes paid but an action based upon the provisions of a contract. The provisions of the law with reference to refunds of taxes collected under the Agricultural Adjustment Act have therefore no application. All of the matters necessary to establish plaintiff’s claim under the contract are shown. After the contract was entered into a new and additional tax was imposed on the manufacturer from whom the contract supplies were purchased by plaintiff. The tax was passed on by the manufacturer and under the terms of plaintiff’s contract with the manufacturer it was obliged to pay it. Defendant expressly agreed that the amount of the tax *451 should be added to the purchase price. The right of plaintiff to recover the amount so paid is clear and judgment will be rendered accordingly.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.