## GLENN L. MARTIN CO. v. UNITED STATES.

### No. 6239.

District Court, D. Maryland.

May 7, 1938.

John T. Koehler and Semmes, Bowen & Semmes, all of Baltimore, Md., for plaintiff.

Bernard J. Flynn, U. S. Atty., and G. Randolph Aiken, Asst. U. S. Atty., both of Baltimore, Md., and James E. Murphy, Sp. Asst. to Atty. Gen.

CHESNUT, District Judge.

This is an action at law against the United States under the Tucker Act, 28 U.S.C.A. § 41(20). Such a suit is of course tried without a jury. The plaintiff, The Glenn L. Martin Company, a Maryland corporation with its principal place of business in Baltimore County, Maryland, is suing the Government to recover $7,737.32 (with interest) which is alleged to be due as extra compensation under its contract with the Government dated June 28, 1934, for the sale and delivery of certain aircraft and aircraft materials. In Article 17 (3) of the contract there was the following provision:

"(3) It is expressly understood and agreed to by and between the parties hereto that the prices herein stipulated include any Federal Tax heretofore imposed by the Congress which is applicable to the material called for under the terms of this contract. If any sales tax, processing tax, adjustment charge or other taxes or charges are imposed or changed by the Congress subsequent to the date of this contract and made applicable directly upon production, manufacture or sale of the supplies called for herein and are paid by the Contractor on the articles or supplies herein contracted for then the prices herein stipulated will be increased or decreased accordingly and any amount due the Contractor as result of such change will be charged to the Government and entered on vouchers as separate items."

The plaintiff claims the extra compensation under the second sentence of this provision, by virtue of the incidence of taxes paid by it under the Act of Congress known as the Social Security Act of August 14, 1935, c. 531, 49 Stat. 620, 42 U.S.C.A. § 301 et seq. This act was passed and became effective after the making of the contract. Under the act and during the performance of the contract by the plaintiff, the latter paid in wages to employes allocated to work

in the performance of the contract, $766,-962.82 in the year 1936, and $2,256.58 in the year 1937. Under title 9 of the act, 42 U.S.C.A. § 1101 et seq., the plaintiff paid taxes (at the rate of 1%) on wages for the year 1936, $7,669.63, and for the year 1937, $45.13, and in the latter year also paid $22.56 taxes under title 8 of the act, 42 U.S.C.A. § 1001 et seq. The total taxes so paid by the plaintiff on wages of employes, during the performance of the contract, for the two years amounted to $7,-737.32. Of the total amount so paid $7,714.76 was paid for unemployment insurance under title 9 of the act, 10% thereof being paid to the federal government and 90% (as allowed by the Act of Congress, § 902, 42 U.S.C.A. § 1102), being paid to the State of Maryland under the Maryland Unemployment Compensation Law, Laws of Maryland, Second Extraordinary Session December 1936, c. 1. No part thereof will be deducted from wages due to employes, that is to say, the taxes are in addition to the wages paid.

In due course the plaintiff rendered bills to the Government for the amount of the taxes so paid, $7,737.32, but payment has been refused on the ground that it is not due under the wording of the contract. The question presented is whether by the effect of the Social Security Act the taxes so paid were "made applicable *directly* upon production, manufacture or sale of the supplies called for herein and are paid by the Contractor *on* the articles or supplies herein contracted for". (Italics supplied.) It will be noted that the plaintiff contractor must show that the taxes were (1) made applicable directly on production *and* (2) paid on the supplies.

The primary contention advanced by the Government is that the Social Security taxes were not imposed at all on production, manufacture or sale, or *on the articles* or supplies contracted for because they are *excise taxes on the employer,* for the privilege of having employes, and were described by the Supreme Court in Steward Machine Co. v. Davis, 301 U.S. 548, 578, 57 S.Ct. 883, 886, 887, 81 L.Ed. 1279, 109 A.L.R. 1293, as follows:

"The tax, which is described in the statute as an excise, is laid with uniformity throughout the United States as a duty, an impost, or an excise *upon the relation of employment.*" (Italics supplied.)

See, also Helvering v. Davis, 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307, 109 A.L.R. 1319. It is urged that the contract language contemplates a tax on or related to the production, or enjoyment or use of physical property, while the Social Security tax affects only the relation of employment, and is not associated in any way with tangible property. On the other hand the plaintiff contends that the fair and reasonable construction of the whole of the contract provision entitled it to recover the taxes so paid because they constituted "an increase in cost of production."

■■ The contention of the Government sets up a construction of the wording which seems very narrow and literal. We must remember that we are construing a business contract rather than dealing primarily with a tax case. Batavia Mills, Inc., v. United States, 85 Ct.Cl. 447, June 1, 1937. And in a business or economic sense the taxes paid did result in an increase of the cost of production to the contractor. The general purpose of the clause doubtless was to indemnify the contractor against increased costs of production due to increased taxes imposed by subsequent Acts of Congress, although the scope of the indemnity must be limited by the language used. The construction should be reasonable in the light of the subject matter, rather than narrowly literal. In this view it does not seem of controlling importance whether the tax is classified as a tax or a duty, impost or excise (Thomas v. United States, 192 U.S. 363, 370, 24 S.Ct. 305, 48 L.Ed. 481), or whether it is, in its purely legalistic concept, imposed on the employer, upon the relation of the employment, or on the product of the employment. A sales tax is an excise tax on sales rather than on the article sold; and similarly a process tax is an excise on the act of processing rather than on the product. See United States v. Butler, 297 U.S. 1, 57, 61, 56 S.Ct. 312, 315, 317, 80 L.Ed. 477, 102 A.L.R. 914. It would seem fairly clear that such taxes could properly be regarded as within the language of the contract provision although not "paid by the contractor *on* the articles or supplies herein contracted for", unless excluded by other wording of the contract. See Willcuts v. Bunn, 282 U.S. 216, 228, 51 S.Ct. 125, 127, 75 L.Ed. 304, 71 A.L.R. 1260. By like reasoning it would seem logical to hold that a tax on the employer, measured by his payroll, which undoubtedly increases his production costs, might be regarded as a tax on production. It is however unnecessary to expressly so deter-

mine in this case, in view of the conclusion now to be stated with respect to the force of the word "directly".

■■■ The construction contended for by the plaintiff is too broad in that it ignores the significance of the word "directly" in the contract clause which provides for additional compensation only if the new tax is by the Act of Congress "made applicable *directly* upon production, manufacture or sale of the supplies called for herein". The tax here dealt with is described in the taxing act itself as an excise tax "with respect to having individuals in his employ." 42 U.S.C.A. § 1101 and section 1004. And the Supreme Court has described it as "an excise upon the relation of employment". In other words it is a tax on the employer measured by his payroll. It seems quite clear that such a tax is not "applicable *directly* upon production, manufacture or sale." It becomes payable irrespective of the product of the employment. In the economic sense it does increase the cost of production; but its effect is indirect rather than direct. The nature of the tax is an enforced contribution by the employer for the ultimate benefit of employes generally, and it would seem to be similar in nature to other burdens placed upon an employer by law for the safety or welfare of employes, such as required fire escapes on high buildings, and sanitary regulations for working conditions. All such humanitarian requirements clearly do actually increase manufacturing costs although they operate indirectly through overhead expenses rather than directly, as would increased wages paid for the work done. The wording of the contract provision taken as a whole is not susceptible of the broad construction contended for by the plaintiff and clearly is not equivalent to "any increased cost of production" caused by new taxation. New and additional State taxes, whatever their effect upon the cost of production are clearly not included; and it is equally clear that the provision is not worded in such a way as to cover any and all additional federal taxes because those that are included are definitely limited to such as are made applicable directly upon production, manufacture or sale. It is, I think, impossible to escape the significance of the word "directly" in this context, as it is obviously an important word of limitation, of familiar legal use. See Liggett & Myers Tobacco Co. v. United States, 299 U.S. 383, 386, 57 S.Ct. 239, 241, 81 L.Ed. 294.

The plaintiff submits the argument that the function of the word "directly" in the contract clause is only to limit the generality of the words "other taxes or charges" and thus restrict their application to new taxes or charges "which increase the cost of production of the supplies called for"; thus for instance, excluding income taxes which do not increase the cost of production but simply diminish net profits, if any. But this seems an untenable construction of the phraseology because the new taxes comprehended in the context, whether specifically referred to as "sales taxes, processing taxes, adjustment charge" or in the general terms of "other taxes or charges" must all be "made applicable directly upon production, manufacture or sale" in order to constitute the basis for additional compensation.

Counsel inform me that the contract provision here under consideration has appeared in many War Department contracts during a period of several years past, but they have been unable to ascertain how the clause has heretofore been applied in actual practice, as a possible aid to construction. Reference has been made to the case of Batavia Mills, Inc. v. United States, 85 Ct.Cl. 447, decided June 1, 1937 by the Court of Claims. But that case is not in point here. The relevant provision in the contract there, after reference to "all sales taxes, duties, imposts, revenues, excise or other taxes applicable to the supplies" then in force, was "if any new taxes are made applicable to such supplies by Congress after the date of opening of the bid upon which this contract is based", then the price should be increased. The contractor with the Government in that case, in performance of its contract, had been obliged to pay an increased cost to its vendor by reason of processing taxes paid by the latter to the United States under the Agricultural Adjustment Act of May 12, 1933 as amended, 7 U.S.C.A. § 601 et seq. The Court of Claims rendered judgment for the plaintiff contractor for the amount in dispute, but it will be noted from the opinion in the case that the Government's denial of liability was put "on the ground that said amount was not paid by the plaintiff directly to the United States." And it will be noted that the contract provisions did not require as a condition for the additional compensation

that the new taxes should be "made *directly* applicable to such supplies."

I conclude, therefore, that the verdict in this case must be for the defendant and the Clerk of the Court is instructed to so enter it, to be followed in due course by judgment for the defendant with costs.

Both parties have requested the granting of certain submitted prayers or rulings of law, and I have ruled on them respectively in accordance with the views stated in this opinion, and have filed them with the Clerk of the Court. Exceptions are noted for the plaintiff as to adverse rulings.