UNITED STATES *v.* GLENN L. MARTIN CO.

No. 30.   Argued October 19, 20, 1939.—Decided November 6, 1939.

*Assistant Attorney General Clark,* with whom *Solicitor General Jackson* and *Messrs. Sewall Key* and *Joseph M. Jones* were on the brief, for the United States.

*Mr. John T. Koehler* for respondent.

MR. JUSTICE BLACK delivered the opinion of the Court.

We must determine whether a contract to purchase certain aircraft and aircraft material from respondent required the United States to increase the stipulated

price by the amount of Social Security taxes paid by respondent.

June 28, 1934, the War Department and respondent, a Maryland manufacturer, made the contract, providing—

"It is expressly understood and agreed to by and between the parties hereto that the prices herein stipulated include any Federal Tax heretofore imposed by the Congress which is applicable to the material called for under the terms of this contract. If any sales tax, processing tax, adjustment charge, or other taxes or charges are imposed or changed by the Congress subsequent to the date of this contract and made applicable directly upon production, manufacture, or sale of the supplies called for herein and are paid by the Contractor on the articles or supplies herein contracted for then the price herein stipulated will be increased or decreased accordingly and any amount due the Contractor as result of such change will be charged to the Government and entered on vouchers as separate items."

With respect to payrolls of employees alleged to have been engaged in fulfilling this contract during 1936 and 1937, respondent paid $794.03 in Federal Social Security taxes and $6,943.29 under the State of Maryland's Unemployment Compensation Law. Both the federal tax and Maryland's tax were levied "subsequent to the date of this contract." Respondent claims that both the Maryland Unemployment Compensation taxes [1] and the federal Social Security taxes [2] were "imposed . . . by . . . Congress" and were of the type for which the contract provided extra compensation.

Rejecting respondent's construction of the contract, the District Court held that no part of the taxes paid by respondent served to increase the liability of the Govern-

---

[1] Laws of Maryland, extraordinary session, Dec. 1936, c. 1.
[2] 49 Stat. 620, 637.

ment on its contract.[3]  The Circuit Court of Appeals reversed[4] and we granted certiorari.[5]

Obviously, the seller fixed its stipulated prices so as to provide a margin of profit over federal taxes for which it might at the time of the contract be responsible on the particular "material" sold. This clearly appears from the governing provision's opening declaration that "the prices herein stipulated include any Federal tax heretofore imposed by Congress which is applicable to the material called for under the terms of this contract." But, without more, future increases in federal taxes "applicable to the material" might have substantially affected the margin of profit which the contract was calculated to insure.  Against the contingency of increase in federal taxes applicable to the "material" purchased, the Government undertook to compensate the seller for payment of future federal taxes "on the articles or supplies contracted for" should Congress levy any sales tax, processing tax or other tax "applicable directly upon production, manufacture or sale of the articles . . . contracted for . . ."

But the Social Security Act[6] imposes upon every employer "an excise tax with respect to having individuals

---

[3] 23 F. Supp. 262.

[4] 100 F. 2d 793.

[5] 307 U. S. 618.  The government's petition for certiorari set out that "Almost all government contracts since 1933 have contained provisions either identical with that here involved, or so similar as to present substantially the same question. . . . The War Department alone . . . states that approximately 4,000 potential claims may arise under contracts with language identical with that in . . . the contract in this case."  The Comptroller General of the United States has interpreted a contract substantially identical with the one under consideration as denying reimbursement for Social Security taxes.  16 Comp. Gen. 790 (1937).  Certiorari was granted in order to obtain a final determination of the question.

[6] Social Security Act, c. 531, 49 Stat. 620, §§ 804, 210 (b).

in his employ." And employment in that Act "means any service, of whatever nature, performed within the United States by an employee for an employer . . . " with exceptions not material here. This excise has been represented as one levied "upon the relation of employment"[7] and upon "the right to employ"[8] and as a payroll tax.[9] It is not—as taxes upon the privilege of selling, manufacturing or processing characteristically are— measured by the value of the privilege taxed, or by either quantity or price of what is manufactured, processed or sold. A tax on the processing or sale of an article, while an excise, commonly would be denoted a tax "on" the article processed or sold. The contract itself speaks of such taxes which may, in the future, be "paid by the contractor *on* the articles or supplies contracted for." (Ital. supp.) Thus, this contract was concerned with federal taxes "on" the goods to be provided under it, whatever the occasion for the taxes. And a tax "on" the relationship of employer-employee—characterized as a tax on payrolls—is not of the type treated by the contract as a tax "on" the goods or articles sold.

The contract refers only to federal taxes, existing or future, on "material," "articles" or "supplies." And additional compensation is provided to offset only federal taxes of the type of sales taxes and processing taxes, "applicable directly upon production, manufacture, or sale" and actually paid on supplies delivered to the Government. Since a tax on payrolls, or on the relationship of employment, is not—but in fact is distinct from—the type of tax "on" articles represented by sales taxes and processing taxes, respondent is not entitled to the additional compensation which it seeks.

---

[7] *Steward Machine Co.* v. *Davis*, 301 U. S. 548, 578.

[8] See, *Carmichael* v. *Southern Coal Co.*, 301 U. S. 495, 508.

[9] *Id.*, 506, 511.

In view of our determination that the federal Social Security tax was not contemplated by the contract, we need not discuss respondent's contention that the tax paid under the Maryland Unemployment Compensation Act was a tax "imposed . . . by . . . Congress."

The judgment of the Circuit Court of Appeals is reversed and that of the District Court is affirmed.

*Reversed.*

MR. JUSTICE BUTLER took no part in the consideration and decision of this case.