## CONSOLIDATED AIRCRAFT CORPORA-
## TION v. UNITED STATES.

No. 43823.

Court of Claims.

Feb. 5, 1940.

Herman J. Galloway, of Washington, D. C. (King & King, of Washington, D. C., on the brief), for plaintiff.

Guy Patten, of Washington, D. C., and Samuel O. Clark, Jr., Asst. Atty. Gen. (Robert N. Anderson and Fred K. Dyar, Sp. Assts. to Atty. Gen., on the brief), for defendant.

Before WHALEY, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHITAKER, Judges.

WHITAKER, Judge.

The decision of this case is controlled by the decision of the Supreme Court in United States v. Glenn L. Martin Company, 308 U.S. 62, 60 S.Ct. 32, 34, 84 L.Ed. ——, 124 A.L.R. 1017, decided November 6, 1939. The contract under consideration in that case stipulated that the prices charged included all Federal taxes theretofore imposed by Congress which were applicable to the materials called for under the contract, and it was agreed that "If any sales tax, processing tax, adjustment charge, or other taxes or charges are imposed or changed by the Congress subsequent to the date of this contract and made applicable directly upon production, manufacture, or sale of the supplies called for herein and are paid by the Contractor on the articles or supplies herein contracted for then the price herein stipulated will be increased or decreased accordingly and any amount due the Contractor as result of such change will be charged to the Government and entered on vouchers as separate items."

Claim for reimbursement of Social Security taxes paid in connection with the production of the articles called for under that contract was made, but was denied by the Supreme Court on the ground that Social Security taxes were not "applicable to the material" called for under the contract.

The court said:

"The contract refers only to Federal taxes, existing or future, on 'material,' 'articles' or 'supplies.' And additional compensation is provided to offset only Federal taxes of the type of sales taxes and processing taxes, 'applicable directly upon production, manufacture, or sale' and actually paid on supplies delivered to the Government. Since a tax on payrolls, or on the relationship of employment, is not—but in fact is distinct from—the type of tax 'on' articles represented by sales taxes and processing taxes, respondent is not entitled to the additional compensation which it seeks."

We see no distinction between the provisions of the two contracts which is material here.

The plaintiff says, however, that the letter of the Secretary of the Navy of February 26, 1937, shows that the parties construed the contract in the case at bar to embrace Social Security taxes. But even if this letter could in any event be treated as evidence of the construction put on the contract by the parties, it is clear that in this case it cannot be. It was written three and one-half years later than the first contract in suit and a year and a half later than the last contract. At most, it is evidence only of the Navy Department's construction of the contracts at the time of the writing of the letter. It is not evidence of the construction placed upon the contracts at the time they were entered into. Moreover, all the contracts, except the last one, were entered into more than a year prior to the passage of the Social Security Act.

For the reasons stated, the petition must be dismissed. It is so ordered.