Contracts; social security tase increase; allowability as contract price increase. — In 1965 plaintiff was awarded a contract for construction of the New Research Building, Veterans Administration Hospital, Minneapolis, Minnesota, the contract containing a provision entitled “Federal, State, and Local Taxes” authorizing a contract price increase should a cost-increasing Federal excise tax be imposed after the contract date on the “transactions or property covered by this contract” if the contractor warranted that a tax increase contingency reserve was not included in the bid. Pursuant to Public Law 89-97, 79 Stat. 286, 393, an increase occurred in social security taxes after the contract date. The contracting officer’s denial of an increase in the contract price on the ground that such an increase did not constitute an increase in an excise tax on the transactions or property covered by the contract within the meaning of the contract provision, was unsuccessfully appealed to the Veterans Administration Contract Appeals Board and the Comptroller General. Plaintiff sued in this court for reimbursement of the increase *1079 in contract costs by reason of the social security taxes. The parties filed a joint motion to suspend proceedings pending a decision on the merits in Morrison-Knudsen v. United States, No. 3-69, involving the same issue, which motion was allowed. On June 12, 1970 (192 Ct. Cl. 410, 427 F. 2d 1181) the court in the Morrison-Knudsen case held that the tax was an excise tax imposed on the “transactions * * * covered by this contract” and that plaintiff was entitled to an upward price adjustment. The instant case now comes before the court on a stipulation of the parties stating, inter alia, that the purpose of the stipulation is to enable the court to enter judgment for plaintiff against defendant on the merits of the claim asserted in plaintiff’s petition, with the case to be suspended in this court pursuant to Rule 167 while plaintiff pursues, before the Veterans Administration Contract Appeals Board, its administrative remedies for determination. off the precise amount of the contract price adjustment to which plaintiff is entitled. By order dated August 21,1970 the court entered judgment for plaintiff on the merits of the claim asserted in the petition, and stayed proceedings for 90 days.